

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WE'VE ONLY JUST BEGUN WEDDING CHAPEL, INC., et al.,

Plaintiffs,

v.

THE LITTLE WHITE WEDDING CHAPEL, INC., et al.,

Defendants.

CV-S-02-1384-JCM-LRL

**ORDER**

Before the court is defendant The Little White Wedding Chapel, Inc.'s Motion to Strike Supplemental Report of Expert Robert Mroz (#83, filed March 16, 2004). The court has considered the motion, Opposition (#65), Reply (#114), and Exhibits (filed separately under seal) (#84 and 104).

Plaintiff timely disclosed Robert Mroz as an expert on January 5, 2004. Because discovery was ongoing, Mr. Mroz reserved his right to update his analysis. Defendant timely disclosed Dr. Stephen Dagan as a rebuttal expert on January 19, 2004. On February 26, 2004, defendant received Mr. Mroz's supplemental report (or "the Report"). Defendant contends that the Report should be stricken because it is untimely, it is not a proper supplemental disclosure within the meaning of Fed.R.Civ.P. 26(e)(1), and it impermissibly rebuts Dr. Cogan's Survey Expert Report.

Rule 26(e)(1) provides for the supplementation of expert disclosures. "Supplementation under the Rule[] means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181

134

F.R.D. 639, 640 (D.Mont. 1998). Defendant contends that the Report cannot be classified as "supplemental" because it sets forth an entirely new methodology for calculating damages under an unsupported "contribution margin" theory[1] based upon information plaintiff had during its initial disclosure.

Even though plaintiff acknowledges that the Report utilizes information it had during its initial disclosure, plaintiff contends that its initial disclosure was incomplete. *See id.* ("Unless the [party] is conceding that the [initial] disclosure ... is inaccurate or incomplete, the second disclosure is not a proper supplemental disclosure as allowed under Rule 26(e)(1)."). Plaintiff contends that it was not until after the initial disclosure deadline that defendant produced certain additional documents that enabled Mr. Mroz to make an assessment of the claim for lost profits as set forth in the Report. Thus, although Mr. Mroz only had partial documentation necessary to conduct a complete analysis on the theory (but enough information to assert the theory), he supplemented the report so as to provide notice to defendant that Dr. Degnan's assumption that plaintiff would not be seeking lost profits was incorrect. Given the lack of complete documentation, Mr. Mroz was forced to conduct an analysis based on an assumption that all sales were infringing. This analysis incidentally happened to rely on evidence plaintiff had in its possession when the initial report was disclosed.

Under these circumstances, the court finds that exclusion of the Report is not a proper remedy. Mr. Mroz's initial report was incomplete. Mr. Mroz's supplemental report complied with the disclosure requirements of Rule 26(e)(1) and was made available to defendant within a reasonable time after plaintiff had received the relevant information. *Cf. Childress v. Lumber, Inc.*, 357 F.3d

---

[1] According to plaintiff, this theory is recognized under trademark law and allows plaintiff to seek recovery of profits earned *by defendant* that are attributable to the infringement. Defendant contends that plaintiff's theory seeks "double recovery from Defendant" and is not an accepted theory of recovery under the Lanham Act or general tort law. Reply (#114) at 4. This order does not purport to resolve whether plaintiff's damages theory is an acceptable one in this case.

1000, 1010 (9th Cir. 2004). Furthermore, Dr. Degnan had ample opportunity to review the Report and provide an opinion on the Report during his deposition.

Defendant contends, however, that he will be prejudiced if the Report is admitted because he did not have the opportunity to depose Mr. Mroz after the new theory had been asserted. Defendant contends that it originally chose not to depose Mr. Mroz because his initial disclosure was straightforward and defendant did not feel that a deposition would be a useful allocation of its resources. Defendant claims that it would have noticed a deposition but it did not have adequate time to do so since it only received the Report two business days before the end of discovery. The court recognizes that the Report came about as a result of information revealed from discovery caused by defendant's delay in producing the documents. Nevertheless, because plaintiff now asserts an alternative damages theory to which defendant adamantly takes exception, the court will give defendant the opportunity to depose Mr. Mroz.

Lastly, the court finds that Mr. Mroz did not provide improper rebuttal opinion to Dr. Sandra Cogan's Survey Expert Report. Mr. Mroz merely referenced the report in his Report.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant The Little White Wedding Chapel, Inc.'s Motion to Strike Supplemental Report of Expert Robert Mroz (#83) is GRANTED, but only to the following extent: Mr. Mroz's Report will be admitted subject to plaintiff producing Mr. Mroz for a deposition not later than June 7, 2004.

DATED this 21st day of May, 2004.

*/s/ Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**